PER CURIAM.
Defendant Frederick Franklin, Jr., was charged by grand jury indictment with possession of heroin with intent to distribute in violation of La.R.S. 40:966(A)(1). On November 30,1976, after trial before a jury of twelve persons, the defendant was found guilty as charged. Subsequently the trial court sentenced him to serve life imprisonment at hard labor. Following this convic *1384 tion and sentence, defendant appealed to this Court relying on two assignments of error. This Court found no error, except for a possible error on the motion to suppress which could possibly be eliminated upon another trial of that motion. Thus the Court remanded the case to the district court for a redetermination of whether articles seized from the kitchen were constitutionally admissible, reserving to the defendant the right to appeal from an adverse ruling. State v. Franklin, 353 So.2d 1315 (La.1977). On March 31, 1978, the trial court held an evidentiary hearing pursuant to the remand order. At the conclusion of the hearing, the motion to suppress was again denied. Defendant now appeals from that ruling.
We have reviewed the evidence adduced at the first hearing on the motion to suppress, the trial on the merits, and the second hearing on the motion to suppress, see State v. Schmidt, 359 So.2d 133 (La. 1978); State v. Stewart, 357 So.2d 1111 (La.1978); State v. Dunbar, 356 So.2d 956 (La.1978), and have determined that there was no error in the trial court’s ruling. The evidence supports the trial court’s finding that the state carried its burden of affirmatively showing that the seizure of the various items from the kitchen was constitutionally permissible under the plain view doctrine. See Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Parker, 355 So.2d 900 (La. 1978); State v. Fearn, 345 So.2d 468 (La. 1977).
Accordingly defendant’s conviction and sentence are affirmed.