GAUDIN, Judge.
James L. Callis was convicted by a 12-person jury of two counts of armed robbery in the 24th Judicial District Court and sentenced to 10 years on one count and five years on the other, to run consecutively. The sentences, in accord with LSA-R.S. 14:64, are to be served without benefit of parole, probation or suspension of sentence.
On appeal, Callis assigns these errors, contending that the trial judge erred:
(1) In allowing the prosecution to present illegal rebuttal testimony,
(2) In denying appellant’s motion for a new trial, and
(3) In denying the motion in arrest of judgment.
Also, appellant asks this Court to examine the record for errors patent.
We find no merit in any of these assignments of error and we discovered no errors patent, and we affirm Callis’ conviction and sentences.
Appellant was identified as the person who, while armed with a knife, robbed one woman on June 29, 1982 and another woman shortly thereafter. Both crimes were committed adjacent to apartment units in Metairie, Louisiana, and both victims made positive identifications.
ASSIGNMENT NO. 1
After the State had presented its case, the defense called, as one of its witnesses, Mrs. Josie Callis, the defendant’s mother. On cross examination, the prosecutor asked Mrs. Callis if she had previously stated to the victim that her son should have stabbed her. Mrs. Callis denied having made such a statement.
On rebuttal, the State called the victim, who testified that Mrs. Callis had indeed made the statements to her at an earlier pretrial hearing.
The transcript does not contain any contemporaneous objection by defense counsel during Mrs. Callis’ cross examination. Later, while the victim was on the stand for rebuttal, the only objections raised by the defense were based on hearsay, and they were properly overruled. Accordingly, appellant cannot now avail himself of the issue raised in this assignment of error.
LSA-C.Cr.P. art. 841 reads, in pertinent part:
“An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.”
See also State v. Allen, 431 So.2d 808 (La.App. 4th Cir.1983), State v. Williams, 431 So.2d 885 (La.App. 2nd Cir.1983), writs denied at 435 So.2d 437 (La.1983), and State v. Burdgess, 434 So.2d 1062 (La.1983).
In Burdgess, the Supreme Court of Louisiana said:
“It is well settled that a new basis for an objection may not be raised for the first time on appeal.”
ASSIGNMENT NO. 2
The defendant’s motion for a new trial stated (1) that the two counts of armed robbery should have been severed, (2) that the jury charge was inadequate and (3) that the identification of Callis at the scene of his arrest was the fruit of an unlawful and unconstitutional arrest, thus the State should have been required to establish an independent source of the identification testimony.
With regard to (1) above, Callis admits in his appellate brief that it was a tactical decision of his trial attorney not to ask for a severance. LSA-C.Cr.P. art. 493 authorizes the joinder of two or more of *479 fenses in the same indictment or bill of information so long as the offenses are of the same or similar character ... provided that the offenses joined must be triable by the same mode of trial.”
LSA-C.Cr.P. art. 495 gives the accused the right to object to a joinder but “... only by a motion to quash the indictment.” (Underlining supplied.) Here, Callis did not complain at the trial court level; on appeal, it is too late.
Likewise, appellant did not object to the proposed jury instruction, nor did he submit special charges. The failure to timely object to a jury charge and the failure to present special charges preclude appellate complaints. See State v. Burd-gess, supra.
The third reason given in support of Callis’ motion for a new trial concerns the illegal identifications of appellant by both victims. Prior to the trial, a motion to suppress identifications was heard, at which police officers Kathy Trahan and Bernard Wortmann testified how Callis, after being apprehended, was identified by each of the victims shortly after the second armed robbery. Appellant did not contend during this motion and he did not suggest at trial that his arrest had been illegal; and he has filed no pleadings, until on appeal, maintaining that he had been arrested unconstitutionally. This possibility, therefore, was never before either the trial judge or the jury.
We have carefully examined the record, and there is nothing supportive of an illegal arrest.
The State advises that Deputy Harley Koberts detained Callis after the second armed robbery, but that Roberts was not called during the motion to suppress because the alleged illegality of appellant’s arrest was not at issue. Roberts did testify at the trial, saying that he went immediately to the crime scene after information about the armed robberies and a description of the perpetrator had been broadcast over the police radio.
Roberts said that he was “checking out” a parking lot near the crime scene when he “... discovered a vehicle with its door open ...” and .. found the subject that fit the description that was broadcast ... white male, brown curly hair, blue jeans, plaid shirt, tennis shoes ... he was laying across the front seat.”
The victims were then taken to the parking lot, and both pointed out Callis as the man who had robbed them.
Appellant cites State v. Hathaway, 411 So.2d 1074 (La.1982), and State v. Saia, 302 So.2d 869 (La.1974), but these cases offer Callis no relief. In Hathaway, the defendant’s arrest was upheld, the Court noting:
“An arrest by a police officer can be made without a warrant only if he has reasonable cause to believe that the person to be arrested has committed an offense.”
In Saia, the arrest was found to be unjustified, but the facts and circumstances are not synonymous with Callis’. Deputy Roberts had been given a description of the subject from a trustworthy source and he had reason to believe that appellant, who matched the description perfectly and who was near the crime scene “laying across the front seat” of his automobile, had robbed the two women.
We find no merit in this assignment of error even if the possibility of an illegal detention had been timely brought to the trial court’s attention.
ASSIGNMENT NO. 3
Callis’ motion in arrest of judgment states (1) that the trial judge erred in not informing appellant that he could waive a jury and be tried instead by the judge and (2) that this prosecution should have been instituted by a Grand Jury indictment and not a bill of information.
The Supreme Court of Louisiana has consistently held that a failure of the trial judge to inform a defendant of his right to a bench trial is not reversible error, as defense counsel was presumably aware of the right to waive the jury but chose not *480 to. See State v. Parker, 416 So.2d 545 (La.1982), and State v. Sharp, 338 So.2d 654 (La.1976).
Prosecution for armed robbery by bill of information is lawful despite the possible 99-year sentence. See State v. Williams, 341 So.2d 370 (La.1976), in which the Supreme Court of Louisiana said that armed robbery is not a capital offense and that the “... institution of prosecution for armed robbery by bill of information is therefore proper.”
CONCLUSION
In addition to finding no substance in the foregoing assignments of error, we have examined the record for errors discoverable by an inspection of the pleadings and proceedings and without inspection of the evidence. We found no errors patent.
For these reasons, Callis’ conviction and sentences are affirmed.
AFFIRMED.