482 So.2d 115 (1986)
STATE of Louisiana
v.
Edmond C. BROWN.
No. KA-3784.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1986.
Writ Denied May 1, 1986.
*116 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Patricia Black, Asst. Dist. Atty., New Orleans, La., for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, La., for defendant-appellant.
Before SCHOTT, BARRY and ARMSTRONG, JJ.
BARRY, Judge.
Edmond Brown pleaded guilty to being a convicted felon in possession of a firearm, La.R.S. 14:95.1, after reserving his right to appeal the trial court's denial of his motion to suppress under State v. Crosby, 338 So.2d 584 (La.1976). He was sentenced to three years at hard labor. Defendant's one assignment of error contends the trial court erred in denying his motion to suppress.
Officers Tuminello and McCafferty were involved in a surveillance of the intersection of Dorgenois and Fourth Streets. They had received information relating to narcotics transactions in the park across the street. The officers observed Brown and two others walking by and noted a suspicious bulge from the upper left rear side of Brown's jacket. The plainclothes officers identified themselves and during a pat down McCafferty discovered a shotgun under Brown's jacket and placed him under arrest.
A police officer has the right to stop one reasonably suspected of criminal conduct. La.C.Cr.P.Art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Reasonable cause to stop is something less than probable cause. It must be determined under the facts of each case whether the officer had articulable knowledge of specific facts and circumstances sufficiently reasonable to suspect the detained person of criminal activity. State v. Hathaway, 411 So.2d 1074 (La.1982).
The totality of the circumstances must be considered in determining whether there exists reasonable cause to believe the suspect has been, is, or is about to be engaged in criminal conduct. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). The reasonableness of the police conduct under the specific circumstances of a particular case is the critical determination. State v. Phipps, 429 So.2d 445 (La.1983). An officer may conduct a limited, self-protective search for weapons in conjunction with an investigatory stop. State v. Williams, 421 So.2d 874 (La.1982).
The officers were conducting a surveillance at night in a high crime area after receiving information of narcotics trafficking in the vicinity. Considering their experience, the dangerous area, and the apparent attempt to conceal what proved to be a dangerous weapon, the officers had reasonable cause to conduct the limited, self-protective *117 search. The motion to suppress was properly denied.
The conviction and sentence are affirmed.
AFFIRMED.