LANDRIEU, Judge.
Lionel J. Alexander was charged by bill of information with possession of cocaine in violation of La.Rev.Stat.Ann. § 40:967(F) (West 1993). After defendant’s motion to suppress evidence was denied, the defendant was tried by the judge and found guilty of the lesser charge of simple possession of cocaine. Alexander was sentenced to serve three years at hard labor. Contending that the evidence was seized as a result of an unlawful stop, a warrantless search, and a warrantless arrest all without reasonable or probable cause, Alexander appeals the denial of his motion to suppress.
The evidence was seized without a warrant as required by the Fourth Amendment of the U.S. constitution and the Louisiana Constitution, Art. 1 § 5 (West 1993). In such a ease, the burden is on the state to show that a search is justified by some exception to the warrant requirement. Vale v. Louisiana, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970); State v. Tatum, 466 So.2d 29 (La.1985); State v. Pomes, 376 So.2d 133 (La.1979).
At the hearing on Alexander’s motion to suppress, the only evidence offered by the state was the testimony of Detective Eddie Selby of the New Orleans Police Department, Narcotic Division. He testified that on February 11, 1992 Detectives Chuck Little and Keith Boudoin advised him that they had received information from a reliable informant’that Lionel Alexander, described as a heavy set tall black male, was selling both crack cocaine and powder cocaine from a green Plymouth with the license plate number 15X162 which was parked in front of 2838 South Saratoga Street. Based on this information, Selby and Detective Jay Snap took a surveillance vehicle into the area and Detectives Chuck Little, Keith Boudoin, and others acted as a “perimeter team” to converge in the event an actual drug transaction was observed. Detective Selby observed the Plymouth Fury parked in front of 2838 South Saratoga Street and observed a man fitting Alexander’s description walk up to the vehicle and stand by the trunk. An unidentified man walking down the street shouted “police, police.” After looking up and down the street, Alexander opened the trunk of the Plymouth Fury, placed some objects in a brown paper bag, closed the trunk, and again looked up and down the street. At this juncture, Detective Selby requested the perimeter team to move in. As the police moved in, they observed Alexander walk into the front yard of 2838 South Saratoga Street and placed a brown paper bag on the right-hand side of the porch. Detectives Little and Boudoin immediately took custody of Alexander, placed him under arrest, and advised him of his constitutional rights. The police then seized the brown paper bag which contained powder and crack cocaine, $260 on Alexander’s person, and an automatic weapon concealed in the trunk of the Plymouth Fury..
The State argues that given the defendant’s behavior under the totality of the circumstances, the police officers possessed suf *855 ficient facts to justify an investigatory stop, and the bag was legitimately seized as abandoned property. Alternatively, the State argues that Alexander had no expectation of privacy in placing an open bag in a public area.
The state’s argument, however, is contrary to the evidence. Detective Selby’s testimony is explicit; Alexander was arrested immediately after he walked into his yard and placed the paper bag on the front porch of his house; the brown paper bag was then seized by the police. Thus, the evidence was seized incident to Alexander’s arrest. At issue is whether the seizure was pursuant to a lawful arrest and within a recognized exception to the warrant requirement. See Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Buckley, 426 So.2d 103 (La.1983).
A police officer may, without a warrant, arrest a person when the officer has reasonable cause to believe that the person to be arrested has committed an offense.[1] La.Code Crim.Pro.Ahn. art. 213 (West 1993). Probable cause to arrest exists when the detaining officer has articulable knowledge of particular facts sufficient to reasonably suspect the detained person of criminal activity Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); State v. Buckley, 426 So.2d 103, 107 (La.1983). Whether probable cause existed at the time of the arrest must be determined without regard to the result of the subsequent search. Id.; State v. Finklea, 313 So.2d 224 (La.1975). “The totality of the circumstances, ‘the whole picture,’ must be considered in determining whether reasonable cause exists.” State v. Belton, 441 So.2d 1195, 1198 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984) (quoting United States v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)). A confidential informant may provide adequate information to establish probable cause for a warrantless arrest, so long as the basis for the information and the informant’s reliability, when examined under the totality of the circumstances, are established. Illinois v. Gates, 462 U.S. 213, 229-30, 103 S.Ct. 2317, 2327-28, 76 L.Ed.2d 527 (1983); State v. Ruffin, 448 So.2d 1274, 1278 (La.1984). At the hearing on the motion to suppress, the State bears the burden of showing that the confidential informant was credible and the information reliable. State v. Rudolph, 369 So.2d 1320, 1325 (La.1979), cert. denied, 454 U.S. 1142, 102 S.Ct. 1001, 71 L.Ed.2d 294 (1982).
Detective Selby testified only that Detectives Little and Boudoin told him the information came from a reliable informant; no other evidence was introduced pertaining to the informant’s reliability. A mere assertion by police that an informant is reliable is insufficient to establish an informant’s credibility. State v. Rudolph, 369 So.2d at 1325. The police apparently had no knowledge or past experience[2] with Alexander; nor does the evidence indicate that the police considered South Saratoga Street an area of high crime. See United States v. Brignoni-Ponce, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); State v. Buckley, 426 So.2d at 107. Further, even assuming ar-guendo that Alexander’s actions after being alerted to police in the neighborhood were evasive, such actions alone do not always indicate guilt. State v. Hathaway, 411 So.2d 1074, 1079 (La.1982); see also State v. Chopin, 372 So.2d 1222, 1225 (La.1979). “[Reasonable cause will not arise unless flight, combined with other information upon which officers are entitled to rely, would indicate to a reasonable mind that the combination of circumstances is inconsistent with any innocent pursuit.” State v. Hathaway, 411 So.2d at 1079; State v. Franklin, 353 So.2d 1315 (La.1977). Equivocal conduct does not afford probable cause to arrest if the possibility of criminal conduct is no greater than the possibility of innocent behavior. See State v. Talbert, 449 So.2d 446 (La.1984) (defendant’s *856 surprised look and retreat into apartment is not probable cause for arrest).
The informant’s tip consisted of Alexander’s description, name, address, make of car, and an allegation that he was dealing drugs. Nothing in the record supports the informant’s credibility and the police saw no drug transactions. The only information substantiated by the police prior to the arrest of Alexander was that he lived on South Saratoga Street and possessed a green Plymouth Fury. Police officers are not entitled to arrest a person merely because an informant accurately supplies them with a description, address, and make of car of a person. See State v. Mendoza, 376 So.2d 139, 142 (La. 1979) (Conduct not inconsistent with innocent pursuit, even when viewed together with verified portions of informant’s allegations, i.e., defendant drove brown pick-up truck with tool-box on back, does not constitute probable cause for arrest). As such, the arrest was unlawful and the evidence illegally seized. Accordingly, the trial -judge erred in denying Alexander’s motion to suppress.
For the foregoing reasons, the defendant’s conviction and sentence are reversed.
REVERSED.
WALTZER, J., concurs with reasons.

. Louisiana jurisprudence treats "reasonable cause” as consonant with the probable cause concept and does not create a different standard. State v. Marks, 337 So.2d 1177, 1182 (La.1976).

. Defense counsel stated that he was marking Alexander's 'rap sheet’ which was supplied by the state as D 1. It does not appear in the record, but apparently only a drunken driving violation appeared it; Alexander had absolutely no prior drug history.