850 So.2d 778 (2003)
STATE of Louisiana
v.
Terry WRIGHT and Aaron R. Richardson.
No. 2002-KA-2354.
Court of Appeal of Louisiana, Fourth Circuit.
June 18, 2003.
Eddie J. Jordan, Jr., District Attorney Of Orleans Parish, Leslie Parker Tullier, Assistant District Attorney Of Orleans Parish, Claire Adriana White, Assistant District Attorney Of Orleans Parish, New Orleans, LA, for Plaintiff/Appellee.
Laura Pavy, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
*779 (Court composed of Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY III, Judge DENNIS R. BAGNERIS, SR.).
JAMES F. McKAY, III, Judge.
STATEMENT OF CASE
Defendants Terry Wright and Aaron Richardson were charged by bill of information on April 30, 2002, with one count each of possession of heroin with the intent to distribute; possession of marijuana with the intent to distribute; and possession of cocaine with the intent to distribute in violation of La. R.S. 40:966 and 40:967. The defendants pleaded not guilty at their May 16, 2002, arraignment. On July 10, 2002, the defendants appeared for trial, withdrew their previous not guilty pleas, and pled guilty to possession of heroin and cocaine and possession with the intent to distribute marijuana. The defendants' guilty pleas were pursuant to State v. Crosby, 338 So.2d 584 (La.1976). On October 10, 2002, defendant Wright was sentenced to five years on each count, which was suspended. Defendant Wright was placed on five years active probation. On November 7, 2002, defendant Aaron Richardson was sentenced to five years on each count, which was suspended. The defendant was placed on five years of active probation. On November 12, 2002, the trial court granted defendant Richardson's motion for appeal, and on December 23, 2002, the court granted defendant Wright's motion for appeal.
STATEMENT OF FACT
According to the application for search warrant prepared by Detective Robert Ferrier, of the New Orleans Police Department Sixth District Task Force, Detective Trevor Reeves of the Sixth District Task Force received information from a confidential informant that illegal drugs were being sold from 2802 Freret Street.
To verify the informant's information, on March 1, 2002, Detective Ferrier and Detective Kyle Hinrichs conducted surveillance in the 2800 of Freret Street. Sergeant Gaudet along with Detectives Trevor Reeves, Jeffrey Giroir and Ryan Lubrano were also in the area to assist. Detectives Ferrier and Hinrichs observed an African-American male standing outside of the residence of 2802, 2804, and 2806 Freret Street. The male, later identified as defendant Richardson, was wearing a gray hooded sweatshirt and blue jeans.
At approximately 3:30 p.m. the detectives observed an unknown African-American male approach defendant Richardson and hand him what appeared to be currency. The defendant Richardson walked into the residence at 2802 and returned with a small object that was given to the unknown male who walked away.
At approximately 3:45 p.m. two African-American women in a 2000 Daewoo Nubria approached the defendant Richardson. The driver was later identified as Danielle Johnson and the passenger as Karen Gibson. Ms. Gibson exited the vehicle and approached the door of 2802 Freret. An unknown African-American male partially opened the door and accepted currency from Ms. Gibson. When the unknown male returned he gave Ms. Gibson two small objects. Ms. Gibson returned to the vehicle, and the vehicle left the scene. Detectives Ferrier and Hinrichs provided their support units with a description of the vehicle, which the support team stopped. Ms. Gibson and Ms. Johnson were arrested for possession of two ziploc baggies containing marijuana.
At approximately 4:05 p.m. the defendant Richardson walked out to the residence at 2802 Freret Street, and the defendant was again approached by an unknown African-American male who *780 exchanged currency for a small object. The defendant Richardson was then observed walking to the intersection of Freret Street and Washington Ave.
At approximately 4:25 p.m. the defendant Wright was observed exiting the residence of 2802 Freret Street. The defendant Wright was approached by an unknown African-American male who exchanged currency for a small object.
Detective Ferrier testified that their surveillance position was compromised by an unknown African-American woman. Detective Ferrier observed the woman looking at their surveillance position after which she approached the defendants to have a conversation. After the conversation the defendant Richardson ran into the residence at 2802. Detective Ferrier then asked the support units to enter the residence because Detective Ferrier believed evidence would be destroyed.
Upon entering the residence the officers observed drugs and two handguns in plain view. The support officers secured the scene while Detective Ferrier obtained a search warrant.
ERRORS PATENT
A review of the record revealed no errors patent.
ASSIGNMENT OF ERROR NUMBER 1
The defendant complains he is being deprived of his constitutional right to an appeal because the record did not contain a copy of the search warrant reviewed by the trial court during the hearing on probable cause and the motion to suppress the evidence.
On March 10, 2003, this court ordered defense counsel and the state to supplement the record with a copy of the search warrant. The state forwarded to this court a copy of the search warrant, the search warrant application, and the return on the search warrant. The defense counsel was notified of the filing of these exhibits and was granted time to file a supplemental brief. Counsel filed a supplemental brief on April 2, 2003. This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 2
The defendant complains the trial court erred in denying the motion to suppress the evidence because the warrantless search did not fall into an exception to the search warrant requirement.
The trial court is vested with great discretion when ruling on a motion to suppress. State v. Oliver, 99-1585, p. 4 (La. App. 4 Cir. 9/22/99), 752 So.2d 911, 914. This Court in State v. Johnson, 617 So.2d 18 (La.App. 4 Cir.1993), found:
A recognized exception to the warrant requirement for entry into a building is a quick search of the premises to determine the presence of persons in need, the presence of a perpetrator who might still remain on the premises, or to prevent the destruction of evidence. (Citations omitted).
* * *
Probable cause alone does not justify the entry into an area otherwise protected by the Fourth Amendment of the United States Constitution and the Louisiana Constitution, Article 1 § 5.
There is a justified intrusion of a protected area if there is probable cause to arrest and exigent circumstances. State v. Rudolph, 369 So.2d 1320 (La.1979). Exigent circumstances are exceptional circumstances which, when coupled with probable cause, justify an entry into a "protected" area that without those exceptional circumstances would be unlawful. Examples of exigent circumstances have been found to be escape of the defendant, avoidance of a possible violent *781 confrontation that cause injury to the officers and the public, and the destruction of evidence.
State v. Hathaway, 411 So.2d 1074, 1079 (La.1982).
In United States v. Rubin, 474 F.2d 262, 268-269 (3 Cir. Pa.1973), the federal court listed circumstances that might lead police officers to reasonably conclude that evidence would be destroyed or removed before the officers could secure a search warrant they are:
(1) The degree of urgency involved and the amount of time necessary to obtain a warrant;
(2) A reasonable belief that the contraband is about to be removed;
(3) The possibility of danger to police officers guarding the site of the contraband while a search warrant is sought;
(4) Information indicating the possessors of the contraband were aware that the police were on their trail; and
(5) The ready destruction of the contraband and the knowledge and efforts to dispose of narcotics and escape are characteristic behavior of persons engaged in narcotics traffic.
The defendants argue the state's exigent circumstances argument, that the officer's surveillance position had been discovered and the defendants might destroy evidence, was merely a claim to try to justify a warrantless search. The defendants further argue that there is nothing in the record to establish the defendants reacted to a police presence.
In State v. Kirk, 00-0190 (La.App. 4 Cir. 11/13/02), 833 So.2d 418 this court found because the defendant remained in his apartment after police officers observed several drug transactions during a surveillance there were insufficient exigent circumstances to justify a warrantless entry into the apartment where the drug transactions occurred. The court further found the record did not contain any evidence that the occupants of the apartment were aware of the police surveillance or the "take down" of one of the buyers in the same block near the apartment.
In the instant case, unlike Kirk, the detectives observed an unidentified woman looking at their surveillance position, and the woman had a conversation with both the defendants, which then caused the defendant Richardson to run into the residence at 2802 Freret Street. Prior to the woman observing their surveillance position, the detectives observed both the defendants conduct hand-to-hand drug transactions on the front porch of the residence on Freret Street. The detectives had reason to believe their surveillance position had been made known to the defendants, and that the defendants knowing they had been observed by police officers would destroy evidence. We find that the detectives had probable cause to arrest the defendants and exigent circumstances to justify entering the residence to ensure no evidence was destroyed until a search warrant could be obtained. Therefore, we find that the trial court did not abuse its discretion in denying the motion to suppress the evidence. This assignment of error is without merit.
Accordingly, we affirm the defendants' convictions and sentences.
AFFIRMED.