445 So.2d 419 (1984)
STATE of Louisiana
v.
Lovell DeHART, Jr. and Sadina Bergeron.
No. 82-KA-1978.
Supreme Court of Louisiana.
January 16, 1984.
Concurring Opinion March 7, 1984.
*420 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., Dixie C. Brown, Asst. Dist. Atty., for plaintiff-appellee.
Charles Gary Blaize, Orleans Indigent Defender Program, Keith M. Whipple, Houma, for defendant-appellant.
WATSON, Justice.
In a joint trial, defendants, Lovell DeHart, Jr., and Sadina Bergeron, were convicted of distribution of marijuana in violation of LSA-R.S. 40:967 A(1).[1] DeHart was sentenced to six years at hard labor and Bergeron to five years at hard labor, and defendants appealed their convictions and sentences. Pending the appeals, Lovell DeHart, Jr., died an accidental death. His death certificate has been filed in the record and his appeal is moot. State v. Clayton, 427 So.2d 827 (La., 1982); State v. Hamilton, 370 So.2d 874 (La., 1979); State v. Ferina, 351 So.2d 1200 (La., 1977); State v. Morris, 328 So.2d 65 (La., 1976).

FACTS
On July 16, 1981, Detective Sergeant Douglas Charles Modrynski went to the residence of Sadina Bergeron at 512 Eliza Street in the City of Houma accompanied by a confidential informant, one Wesley Meredith. Meredith "hung around" the neighborhood and had a cousin who lived next door to Sadina Bergeron. (Tr. 321) Modrynski and Meredith knocked on the door of the Bergeron home and were invited to enter. Upon entering the kitchen, Modrynski observed two clear plastic bags containing a greenish brown vegetable substance. According to Modrynski, Sadina Bergeron, Susan Lapworth and DeHart were sharing what appeared to be a marijuana cigarette. Several other people were present. Modrynski said he would buy one of the bags and asked permission to return to his car to get the money. He removed four hundred and sixty dollars from his sun visor and gave a prearranged signal to the surveillance teams stationed outside the house. Susan Lapworth's daughter, Tiffany, opened the door when he returned. After Modrynski obtained the money from his car, Sadina Bergeron picked up one of the clear plastic bags; DeHart opened up a brown paper bag; they stuck the plastic bag in the paper bag and handed it to Modrynski. He paid DeHart the money, which DeHart counted and put in his pocket. After a phone call apparently warned Sadina Bergeron that the police were coming, panic ensued until Modrynski restored order. Seized from the house were four bags containing three and a half pounds of marijuana, a gun, various drug paraphernalia and some pills.
At a preliminary hearing on a motion to suppress filed on behalf of defendant DeHart, the state agreed and conceded that the motion to suppress should be granted as to all items seized with the exception of the one pound of marijuana which was sold to Modrynski.[2] Accordingly, the court granted the motion to suppress with the exception of that one pound of marijuana.

*421 ISSUE
At trial, despite defense objections, the court allowed the prosecutor and Modrynski to refer extensively to the suppressed evidence, stating that suppression of physical evidence did not prohibit testimony about it.[3]

CONCLUSION
LSA-C.Cr.P. art. 703 provides in pertinent part that:
"A ruling prior to trial on the merits, upon a motion to suppress, is binding at the trial."
Thus, regardless of the merits of the motion, the trial court was bound by the prior ruling of another section of the court.
Any distinction "between testimonial and tangible evidence" is irrational and untenable. State v. Patton, 374 So.2d 1211 at 1213 (La., 1979). The policies underlying the exclusionary rule do not allow any logical distinction between physical and verbal evidence. "The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the Court but that it shall not be used at all...." Wong Sun v. United States, 371 U.S. 471 at 485, 83 S.Ct. 407 at 416, 9 L.Ed.2d 441 at 453 (1963).
Evidence which would otherwise be suppressible has been allowed when it had an independent basis. United States v. Crews, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980). This exception applies when there is an independent source for the evidence, which antedates the illegality causing the suppression. State v. Johnson, 371 So.2d 1155 (La., 1979); State v. Marshall, 359 So.2d 78 (La., 1978).
Because the state agreed that the evidence should be suppressed, the grounds for the suppression ruling are not of record. It was nonetheless binding at trial, and the state was required to adhere to its agreement. There was no prior independent basis for admission of the excluded testimony.[4]
Here, the only question was whether the state, having conceded that certain evidence should be suppressed and having acquiesced in a court ruling to that effect, should have been allowed to refer to that evidence. There is no question that the evidence was highly prejudicial to defendant Bergeron because it was co-defendant DeHart who received the money for the pound of marijuana. The jury might well have acquitted her of the charge of distribution of marijuana absent references to the suppressed evidence. Consequently, the error affected the substantial rights of the accused. LSA-C.Cr.P. art. 921.
For the foregoing reasons, the conviction and sentence of defendant, Sadina Bergeron, are reversed and the matter is remanded for further proceedings.
REVERSED AND REMANDED.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
I concur in the result in this case, because the prosecutor's concession at the motion to suppress (that she would only introduce at trial the one pound of marijuana transferred to the agent and would not offer into evidence any of the items seized in the search) arguably led defense counsel to reasonably believe that he need not be prepared to meet any evidence relating to the other items which were seized.[1] The decision in this case, therefore, really turns on the enforcement of a prosecutor's pre-trial *422 agreement. See State v. Shelton, 377 So.2d 96 (La.1979), in which this court reversed a conviction because the prosecutor's breach of a pretrial agreement not to offer certain evidence was not justified by the circumstances and was prejudicial to the defendant.
Thus, the decision in this case should not be viewed as necessarily requiring the exclusion in all instances of testimony regarding preseizure observations of illegally seized evidence solely because the subsequent seizure was constitutionally invalid. Each case must be decided on its own facts and circumstances. When a preseizure observation by an independent witness is unrelated to the subsequent illegal police activity involved in the seizure, it can hardly be argued that the deterrent purpose of the exclusionary rule requires the exclusion of such significant and relevant testimonial evidence.[2]
NOTES
[1] At the time of the crime, July 16, 1981, marijuana had not been reclassified as a Schedule I drug by Act No. 800 of 1981, effective August 2, 1981.
[2] In contrast to People v. Dory, 59 N.Y.2d 121, 463 N.Y.S.2d 753, 450 N.E.2d 673 (1983), it is not known whether the preclusion order rested on Fourth Amendment grounds or not.
[3] Assignments of Error Number Four, Five, Six, Seven and Eight. Discussion of the other assignments of error is pretermitted.
[4] Compare People v. Young, 55 N.Y.2d 419, 449 N.Y.S.2d 701, 434 N.E.2d 1068 (1982) where the physical evidence seized from defendant at the time of his arrest was suppressed but the officers were allowed to testify to the circumstances of the arrest with the result that the jury asked but was not told whether the suppressed evidence (the knife and the money) was found on the defendant at the time of his arrest.
[1] At the motion to suppress, the prosecutor stated:

"I concede that as a distribution charge I will only be able to introduce that which was actually part of the distribution. And I have no intention of introducing these numerous items that were seized as a result of the search, the consent to search signed by Sadina Bergeron. And my intention would be to introduce what he in fact did transfer to Mr. Modrynski."
[2] Suppose, for example, that a witness observes the defendant with a large quantity of green vegetable matter and handrolled cigarettes in a plastic bag at a garage sale in New Orleans and that the police seize that same marijuana in Laplace one hour later solely on the basis of an anonymous and uncorroborated tip that defendant is in possession of marijuana at his home in Laplace. If the marijuana is later suppressed on a pretrial motion filed by the defendant, the independent testimony relating to the preseizure observation, which was totally unrelated to the subsequent illegal police activity, should not be excluded on the basis of the mechanical application of a rule which is totally unrelated to the defendant's guilt or innocence.

Whether the witness' observation is alone sufficient evidence to support a conviction is another question. However, when only part of the evidence seized by the police is suppressed prior to trial, testimony regarding independent preseizure observations of subsequently suppressed evidence may very well be relevant to the issues of guilty knowledge and of intent to distribute.