449 So.2d 468 (1984)
STATE of Louisiana
v.
Alvin T. WELCH.
No. 83-KA-0541.
Supreme Court of Louisiana.
April 2, 1984.
*469 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John Mamoulides, Dist. Atty., William C. Credo, III, Philip Boudousque, W.C.D. Friederichsen, Asst. Dist. Attys., for plaintiff-appellee.
Joseph L. Montgomery, New Orleans, for defendant-appellant.
WATSON, Justice.
Defendant, Alvin T. Welch, was convicted of aggravated rape in violation of LSA-R.S. 14:42 and sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The issue in the appeal and the only counseled assignment of error[1] concerns whether the trial court erred in not suppressing the physical evidence taken from defendant's apartment without a search warrant.

FACTS
After the victim telephoned the City of Westwego Police Department, two officers met her in the Canal Bank Inn. She said she had been attacked twenty minutes before by a white male in an upstairs apartment behind the building and led the officers to the apartment. Her face was bruised; she was upset and crying. The complaint was made at 3:52 A.M. on August 22, 1981. In the door of the apartment there were uncurtained glass panes. There was no answer to a knock. The window fan was operating. Because the victim said her assailant had been drinking, she and the officers believed he had probably "passed out" on the bed in the back room. (Tr. 69) The victim pointed out her sandals and shorts inside on the floor.
According to Officer Robert P. Bourgeois, it would have taken at least twenty-four hours to obtain a search warrant. Lieutenant Nolan Dufrene, Jr. went through the adjoining window, opened the door, and the three entered the apartment. The victim's sandals, underpants, shorts, and tank top were in the living room. The victim identified her assailant in a picture album on the coffee table; Officer Bourgois *470 knew him. Removed from the apartment were: "a pair of lady's panties; a pair of jogging shorts; a tank-top; a pair of lady's sandals; a serpentine-gold chain with a little cross on it ... a flowered cigarette case and ... the bed sheets." (Tr. 74) There was no seminal fluid on the clothing or sheets. Later that morning, defendant Welch was arrested. Seminal fluid was found on his clothing.
The victim testified that she had been at the Canal Bank Inn. Her sixteen year old son had also been there. Subsequently, while looking for the son:
"this young guy about 18, he told me, he said, `I know where your son is.' and I said, `Where?', and he said, `In the back.'. I said, `In the back, where?', and he said, `Back there.'. I said, `What is he doing back there?', and he said, `They are having a party.'. So I said, `Where, can you show me?', and he said, `Yes.', and we went back there. I had to go up steps." (Tr. 211)
The escort then disappeared. At the upstairs apartment, she was made to perform oral sex and raped vaginally and anally. She fled from the apartment without her clothes and got some clothing from her daughter before calling the police. Defendant Welch was identified in court as the offender.
Dr. Friedrichsen, who examined the victim, said she appeared disturbed. She had a contusion on her neck and in the perianal area between the vagina and rectum.

CONCLUSION
Warrantless entries into the home for arrest or seizure are invalid in the absence of exigent circumstances. Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). Exigent circumstances include: lack of sufficient time to prepare an affidavit, locate a magistrate and obtain warrant after probable cause arises; imminent danger of destruction of evidence; and the possibility of escape. United States v. Hultgren, 713 F.2d 79 (1983). These factors influenced this entry without a warrant. Once the officers had corroborated the victim's complaint by accompanying her to the crime scene, probable cause was clearly present. Further delay might have allowed destruction of the evidence and escape of the suspect, who was believed to be on the premises. When a short time has elapsed between a crime and a complaint, exigent circumstances sometimes make immediate police action imperative. Scott v. Maggio, 695 F.2d 916 (1983).
Since the entry into the apartment was justified by exigent circumstances, the evidence in plain view was subject to immediate seizure. United States v. Thompson, 700 F.2d 944 (1983). The motion to suppress the evidence was properly denied.
Even if the clothing had been suppressed, the officers could have testified about what they saw through the glass door panes prior to their entry into the apartment. There was an independent basis for this evidence, which antedated any illegality connected with their warrantless entry. United States v. Crews, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980); State v. Johnson, 371 So.2d 1155 (La., 1979); State v. Marshall, 359 So.2d 78 (La., 1978). Compare State v. DeHart and Bergeron, 445 So.2d 419 (La., 1983). The clothing seized inside the apartment did not strengthen the state's case. Any error in allowing it into evidence was harmless. LSA-C.Cr.P. art. 921.
For the foregoing reasons, the conviction and sentence of defendant, Alvin T. Welch, are affirmed.
AFFIRMED.
CALOGERO, J., concurs.
DENNIS, J., concurs with reasons.
DENNIS, Justice, concurring.
I respectfully concur. I am not certain this case meets the requirements of "exigent circumstances" or "urgent need", see Dorman v. U.S., 435 F.2d 385 (D.C.Cir. 1970) but I agree that the introduction of the clothing seized added nothing substantial to the prosecution case consisting of *471 the testimony of the victim (including pre-seizure identification of her clothes) and police officers.
NOTES
[1] In a pro se brief, defendant claims he received ineffective assistance of counsel. Defendant's showing is insufficient to demonstrate merit to his contention; in fact, the record indicates the contrary, that counsel "vigorously defended Mr. Welch" (Tr. 156) as noted by the trial judge. In any event, defendant has the right to pursue his contention in post-conviction proceedings.