ARMSTRONG, Judge.
The defendant, Christopher Ross, was charged with and pled guilty to a violation of LSA-R.S. 14:62, relative to the offense of simple burglary. He was sentenced to serve two years in the custody of the Louisiana Department of Corrections, suspended, and two years active probation with special conditions.
Prior to defendant’s plea of guilty, a hearing was held on his motion to suppress evidence. The motion was denied. In pleading guilty to simple burglary, the defendant reserved his right to appeal the trial court’s denial of his motion to suppress.
Police Officer Garold A. Fayard was the only witness called at the March 24, 1983 hearing on the motion to suppress evidence. He testified that on January 18, 1983, at approximately 4:00 a.m., he and his partner, Officer Montgomery, and a third officer, Officer Hunter, answered a burglary call at Bruno’s Liquor Store. While Montgomery and Hunter secured the scene and questioned the store manager, Officer Fayard interrogated two eyewitnesses who had been delivering papers. The manager told Fayard’s partner that a handtruck and several cases of beer were missing. The eyewitnesses told Fayard that three men committed the burglary and could be found at an address just around the corner. The eyewitnesses also gave Fayard the name of one of the suspects and told him that the perpetrators had left with a bicycle and handtruck loaded with stolen items.
Fayard testified that he arrived on the scene at about 4:05 a.m. and that the crime had occurred at approximately 4:00 a.m. At about 4:15 a.m. the officers drove to the address provided by the eyewitnesses and spotted a handtruck on the sidewalk in front of the house. Upon arriving, Fayard noticed two individuals on the premises, one was near the front of the residence ducking under the raised shotgun house and the other was in the backyard. Fayard also observed a case of beer located near *32 where the subject had ducked under the house.
The officers then proceeded to the rear of the house, where they found beer stacked up in the yard. A transparent shower curtain was draped over this beer.
Once in the backyard, the officers noticed that the back door was open and the air conditioner was operating. Thinking that there may be a second burglary in progress, the officers entered the house and arrested Darryl Pidgeon, who was found lying on a bed, wide awake and fully clothed.
Thus, two suspects were apprehended outside and one inside the house. Defendant Ross was one of those arrested outside the house, although Fayard could not identify which of the two suspects the defendant was.
Officer Fayard further testified that corn chips and cigarette lighters were seized as being items taken in the burglary, but it is not clear from his testimony where these objects were found.
On appeal, defendant argues that neither probable cause nor exigent circumstances existed so as to negate the warrant requirement. We disagree.
We note at the outset that the seizure of the handtruck, which was located on the sidewalk and thus outside the limits of the suspects’ premises and in open view to any passerby, was valid. State v. Giovanni, 409 So.2d 593 (La.1982).
Probable cause for an arrest exists when the facts and circumstances known to the officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. LSA-C.Cr.P. art. 213; State v. Smith, 433 So.2d 688 (La.1983).
In the instant case, the arresting officers arrived at suspects’ residence at approximately 4:15 a.m. with information as to what had been taken in the burglary and where the suspects could be found. Once outside the residence the officers observed on the sidewalk what appeared to be the handtruck that had been stolen. The police then observed an individual attempting to hide underneath the dwelling and a case of beer nearby which fit the description of some of the articles stolen. These observations, along with the presence of the handtruck, served to corroborate the information that had originally led the officers to the residence. The police then found another suspect at the rear of the house and near a second case of beer. Under these circumstances it is clear that the officers had probable cause to arrest the suspects.
Moreover, we find that exigent circumstances existed at the time the police proceeded down the alleyway and into the backyard. It is well settled that the possibility of escape constitutes exigent circumstances. State v. Welch, 449 So.2d 468 (La.1984). In the instant case, at the time the police observed the suspfects, the rear of the premises had not been secured so as to prevent their escape. One suspect had immediately attempted to flee by ducking under the house and the other suspect was in the backyard. Under such circumstances it is clear that exigent circumstances existed which authorized the police to proceed down the alleyway and into the backyard in pursuit of the suspect.
It is also clear that the seizure of the cases of beer was justified under the “plain view” rule. The prerequisites to the application of the “plain view” rule are that the police have a right to be where they are when they inadvertently observe articles which are clearly contraband or evidence. State v. Landry, 414 So.2d 674 (La.1982); State v. Fearn, 345 So.2d 468 (La.1977).
Here the police observed one case of beer prior to entering the premises. They then entered the premises in pursuit of fleeing suspects that had a clear avenue of escape and while on the premises observed another case of beer. The officers had the right to be where they were when they observed the two cases of beer, and because the store manager had informed the police of *33 what items had been taken, it was readily apparent to the officers that the beer was evidence. The seizure of both cases of beer was, therefore, justified under the plain view rule.
With respect to the remaining items that were seized, the corn chips and lighters, the record does not reflect where they were seized. Defense counsel takes the position in brief that such articles were found inside the dwelling. The defendant was one of the two suspects arrested outside the dwelling.
While we have questions about the officers’ right to enter the dwelling and seize evidence inside the residence, we need not discuss such questions as any possible error in the trial court’s ruling regarding the seizure of evidence inside the dwelling was harmless.
LSA-C.Cr.P. art. 921 provides that: A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused.
In State v. Gibson, 391 So.2d 421 (La.1980), the Louisiana Supreme Court adopted the “harmless error” test of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Under the “harmless error” test, it must be determined “whether there is a reasonable possibility that the admission or exclusion of certain evidence, depending on the case, might have contributed to the conviction” and further that the reviewing court “must be able to declare that the error was ‘harmless beyond a reasonable doubt.’ ” State v. Martin, 458 So.2d 454, 459 (La.1984); Gibson, supra.
In the instant case it is not clear if any evidence was seized inside the residence. However, even if the articles were seized in the dwelling and such seizure was deemed to be illegal, it resulted in the seizure of only corn chips and cigarette lighters. In light of the other legally seized evidence (the handtruck, the beer in the alley and the beer in the backyard), the introduction of the chips and lighters would have been harmless beyond a reasonable doubt.
For the foregoing reasons, ■ the defendant’s conviction and sentence are affirmed.
AFFIRMED.