PLOTKIN, Judge.
Eric Lewis was charged by bill of information with possession with intent to distribute more than twenty-eight grams but less than two hundred grams of cocaine, in violation of LSA-R.S. 40:967(A). A twelve-member jury found him guilty of possession of cocaine under LSA-R.S. 40:967(C). Lewis was sentenced to five years at hard labor.
New Orleans Police Officers Delsa, McCaffery, Little, Bowen and Dabdoub, were conducting a narcotics investigation in a known area of drug trafficking in the Fisher Housing Project. Officers Delsa and McCaffery observed two men wearing red baseball caps. During a thirty minute period, several people approached the two, and the officers observed exchanges of money for objects. With a high powered telescope, Officer Delsa observed a man in a white sweatshirt approach. One of the men wearing a red baseball cap reached into his right rear pocket and handed the man in the white sweatshirt “three ball type white objects.” Officer Delsa gave a radio command to the back-up officers to move in. When the other officers approached, the two men in' the red baseball caps ran away as soon as they saw the police. They ran up a stairwell to the third floor balcony of the building. One of the subjects surrendered to Officer McCaffery. The other ran into an apartment. As he was entering the apartment, Officer Delsa called out that he had a gun. The subject attempted to slam the door on Officer Bowen, who was able to keep it from closing all the way. The officers then followed the suspect into the apartment. When they entered they observed Eric Lewis by the kitchen counter weighing a plastic bag with white powder on a scale. The white powder tested positive for cocaine. He had another plastic bag in his left hand which he attempted to throw into the garbage can. Officer Bowen apprehended Lewis and found a gun by the table. Officers Little and Dabdoub continued chasing the other suspect who pointed a gun at them. Officer Dabdoub shot at the suspect, who jumped out of the window, and was later apprehended on the ground. Officer De-joie testified that he had seized $209 from the defendant’s pocket.
The sole issue on appeal is whether the trial court erred in denying the defendant’s motion to suppress evidence. Appellant contends that the police officers did not have a legal right to enter without a war *1284 rant the apartment in which Lewis was found or to seize evidence there.
A search conducted without a warrant is per se unreasonable except in the ease of a few limited exceptions. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 2040, 29 L.Ed.2d 564 (1971). One of these exceptions is hot pursuit. Id. 91 S.Ct. at 2041. “In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance of a house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant.” Payton v. New York, 445 U.S. 573, 590, 100 S.Ct. 1371, 1382, 63 L.Ed.2d 639 (1980). The U.S. Supreme Court has long held that hot pursuit cases fall within the exigent circumstances exception to the search warrant requirement. Steagald v. United States, 451 U.S. 204, 218, 101 S.Ct. 1642, 1651, 68 L.Ed.2d 38 (1981). In Louisiana, exigent circumstances include the escape of a suspect and the destruction of evidence. State v. Welch, 449 So.2d 468, 470 (La.1984); State v. Hathaway, 411 So.2d 1074, 1079 (La.1982).
When there are exigent circumstances, then contraband which is inadvertently observed in plain view may be seized without a warrant. Coolidge v. New Hampshire, 403 U.S. at 467-69, 91 S.Ct. at 2039-40. Two requirements must be satisfied for a warrantless seizure to be legal under the plain view exception. First, there must be prior justification for the police to enter the protected area. Second, it must be immediately apparent without close inspection that the items to be seized are evidence of contraband. State v. Hall, 555 So.2d 495, 498 (La.App. 4 Cir.1989). A third requirement, that the evidence be discovered inadvertently, was recently eliminated in Horton v. California, — U.S. -, 110 S.Ct. 2301, 2304, 2309-10, 110 L.Ed.2d 112 (1990).
In the instant case, the officers in hot pursuit of a suspect, whom they had observed selling drugs and who had pulled out a gun, clearly had exigent circumstances to enter the apartment. As soon as they entered, they inadvertently observed in plain view the defendant weighing a bag of what appeared to be cocaine on a scale and attempting to throw another such bag into the garbage. They had no prior knowledge that they would find either the defendant or the drugs and drug paraphernalia in the apartment. To experienced police officers engaged in narcotics work, it would have been immediately apparent that plastic bags containing white powder and scales were evidence of contraband.
This court affirms the denial of the motion to suppress evidence, holding that the entry into the apartment was legal because it was done in hot pursuit and under exigent circumstances, and that the seizure of the cocaine and drug paraphernalia was legal because they were inadvertently observed in plain view pursuant to a legal entry.
AFFIRMED.