LANDRIEU, Judge.
The City of New Orleans and Detective L. Keating appeal the trial court’s judgment awarding a total of $13,500 to the Guy family for nonproperty damages arising out of a warrantless search of their home.
Shortly after 9 A.M. on October 10,1984, a man brandishing a revolver and wearing a Church’s Chicken uniform and a grey ski mask attempted to enter the front door of Church’s Chicken Franchise No. 96 at 2506 St. Bernard Avenue. Finding the door locked, the man fled on O’Reilly Street towards Broad Street.
Rose Tilton, one of Church’s employees, summoned the police. Officer W.C. Panter of the New Orleans Police Department arrived and interviewed two witnesses to the incident, Ms. Tilton and another employee, Ann Jordan. Neither witness saw the perpetrator’s face.
Officer Panter searched the immediate area to no avail and then approached several persons standing on the porch of 2526 O’Reily Street. Delores Godfrey of that address told Officer Panter that she had seen a tall, clean shaven man running from the Church’s Chicken Franchise down O’Reilly Street and jump into a large red ear. Ms. Godfrey stated that the man looked like a Church’s employee whom she had seen many times, describing him as the one who talked to himself. Upon returning to Church’s, Officer Panter was informed by Ms. Tilton that this description fit David Guy, a former Church’s employee who had failed to return his Church’s uniform.
Officer Panter proceeded to David Guy’s home at 2701 Aubry Street (about two blocks away from the Church’s Chicken Franchise) where, at approximately 9:25 A.M., he was met by Detective Keating and other uniformed officers. Mrs. Etta Guy answered the door and stated that David Guy was not there. Uninvited, the officers entered and conducted a 30 minute room-to-room search, finding only Robert Guy (brother of David) asleep in a bedroom. Upon being informed by Detective Keating that her son David was suspected of attempting to rob the Church’s Chicken Franchise, Mrs. Guy informed the police that David had been picked up by a armed services recruiter at 9:20 and was enroute to 4400 Dauphine to take a test for the military. Officer Panter called the testing center and was informed that David Guy was, in fact, taking a test at that time, 9:50 A.M. Two officers returned that afternoon and questioned David Guy.
Claiming money damages for the unauthorized search, as well as for mental anguish, humiliation, and injury to reputation arising from the search Mrs. Guy and her sons, Robert and David, filed this lawsuit. Named defendants were Detective Keating, the City of New Orleans, Church’s Fried Chicken, Inc., Lumphin Clomont, and ABC Insurance Company. A bench trial was held as to defendants Keating and the City of New Orleans; the remaining defendants were dismissed. Judgment was rendered in favor of plaintiffs Etta Guy, David Guy, and Robert Guy, awarding them damages of $3500, $5000, and $5000, respectively.
ARGUMENTS
I
Appellants contend that the trial court erred in concluding that since a lawful arrest did not occur, the search was a violation of the Appellees’ constitutional rights. Appellants argue that the search was justified by exigent circumstances which existed at the time of the search.
In its reasons for judgment, the trial court stated that the City of New Orleans “had the burden of establishing that the search was connected to a lawful arrest.” Inasfar as this statement implies that a search incident to a lawful arrest is the only justification for a warrantless search, it is a misstatement of the law. Warrants are generally required to search a person’s home or his person unless the exigencies of the situation make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment. State v. Thompson, 448 So.2d 666, 673 (La.1984). Exigent circumstances include, but are not restricted to, a search *1353 incident to a lawful arrest. See State v. Hathaway, 411 So.2d 1074 (La.1982); see also State v. Welch, 449 So.2d 468, 470 (La.1984) (Exigent circumstances include: lack of sufficient time to prepare an affidavit, locate a magistrate and obtain a warrant after probable cause arises; imminent danger of destruction of evidence; and the possibility of escape).
However, the trial court also stated in its reasons for judgment that the City presented no evidence to justify a warrantless search. We agree. The attempted robbery occurred shortly after 9 A.M. and the witness whose statement led to the identification of David Guy as a suspect told police that she saw him jump into a red ear which drove away. Thus, the police had no basis to believe that David Guy was present in the Guy residence when they arrived there at 9:25 or 9:30 A.M. Further, the police searched the house for 30 minutes despite Mrs. Guy’s protests and verification by the military testing center that David Guy was, in fact, taking an exam. Accordingly, the action of the police under these circumstances was a clear violation of the Fourth Amendment.
II
Appellants argue that the trial court committed error in rendering judgment against Detective L. Keating in view of the lack of evidence of liability on his part. They contend that, because Detective Keating remained in the Guy living room talking to Mi’S. Guy and did not take part in the actual room to room search, he should not have been cast in the judgment.
This contention is erroneous. The police had no justification for entering the Guy home without permission or a search warrant. Thus, any intrusion into the Guy home was impermissible under the Fourth Amendment. Appellants have never argued or presented evidence that a police officer acting within the scope of his duties is immune from liability for civil damages. Therefore, we do not find that the trial court erred in rendering judgment against Detective Keating.
Ill
Appellants contend that the damages awarded by the trial court are excessive. Before a Court of Appeal can disturb an award made by a trial court, the récord must clearly reveal that the trier of fact abused its discretion in making its award. Coco v. Winston Industries, Inc., 341 So.2d 332, 335 (La.1976); Reck v. Stevens, 373 So.2d 498 (La.1979).
Mrs. Guy testified that she was humiliated and embarrassed when the police came to her house and searched it without permission. For two years after the incident she was frightened by the sound of a police siren or the sight of a policeman.
The police entered the Guy home without permission, entered Robert Guy’s bedroom while he was sleeping, searched his room, forced him to show identification, and spoke to him in an abusive manner when he questioned their actions.
Finally, while at the military recruitment center to take an examination, David Guy learned of the police search of his home. Despite verification of his whereabouts at the time of the incident[1], the police arrived immediately after his return home and questioned him about the incident. It is not clear whether Detective Keating was one of the officers who returned to question David Guy; Detective Keating testified only that he could not remember. David Guy was harmed indirectly by the initial search of his home. Thus, we cannot find that the trial court was manifestly erroneous in casting Detective Keating in the award of damages to David Guy.
For the foregoing reasons, we find that the trial court did not abuse its discretion when it awarded'Mrs. Guy damages of $3500, Robert Guy damages of $5000, and David Guy damages of $5000.
*1354 IV
Finally, the City argues that if the police were tortious, then Church’s should be allocated a substantial amount of fault because the officers were only acting on information given by Church’s employees. This is a fallacious argument. Ms. Godfrey, who was not a employee of Church’s, told police that the suspect was the Church’s employee who talked to himself. When presented with this description by the police, Church’s employees identified David Guy and gave police his address. It is wrong to suggest that, because Church’s employees gave information to police pertaining to an attempted robbery, Church’s is liable for the unconstitutional actions of the police.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.

. The police report states that while the investigating officer was on the phone verifying David Guy’s presence at the recruitment center, the police dispatcher broadcast an armed robbery of the Church’s Chicken located on North Galvez Street describing a suspect identical to the one in the attempted robbery of the Church's on St. Bernard Avenue. It should have been clear to the police at that point that David Guy was an unlikely suspect.