648 So.2d 37 (1994)
STATE of Louisiana
v.
Mary BYAS.
No. 94-K-1999.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1994.
Hans P. Sinha, Orleans Indigent Defender Program, New Orleans, for respondent.
Harry F. Connick, Dist. Atty. of Orleans Parish, Ysonde K. Boland, Melanie Talia, Asst. Dist. Attys. of Orleans Parish, Kim Simonds, Law Clerk, New Orleans, for relator.
*38 Before SCHOTT, C.J., and BYRNES and WALTZER, JJ.
WALTZER, Judge.
STATEMENT OF THE CASE
The defendant, Mary Byas, was charged by bill of information with possession of cocaine, a violation of La.R.S. 40:967(C)(2), and entered a plea of not guilty. Byas filed a motion to suppress evidence. The trial court granted this motion after having heard the testimony of Officer L. Smith. The State seeks review of that ruling on application for a writ of certiorari and prohibition. We grant the application for writ and reverse the trial court's ruling.
STATEMENT OF THE FACTS
Police officers received information from a reliable, tested, confidential informant that a subject known as Cory was using the residence at 3219 Diana Street as a place from which he was selling narcotics. The informant also said that a subject, by the name of Mary, lived there and assisted Cory in selling narcotics. According to the informant, Mary received crack cocaine in exchange for allowing Cory to sell cocaine from her residence.
On June 4, 1994, Officer Lewis Smith and his partner, Officer Raymond Veit, went to that location and saw a man standing outside. When the subject saw the officers, he fled toward the rear of 3219 Diana Street and eluded the officers. The following evening Officer Smith and several other officers approached the same residence and saw the subject, who was later identified as Cory Chambers, standing outside. When Chambers saw the officers, he fled toward the rear of the residence as he had done the previous evening. Officer Veit shone a flashlight on Chambers and saw him throw a white bag containing a large white object over a fence into the vacant lot next door. Chambers ran to the rear of the residence and banged on the back door. Byas opened the door and allowed Chambers to enter; however, when she saw Sergeant Dabdoud, who was dressed in a police uniform, chasing Chambers she slammed the door shut before Dabdoub could enter. Sergeant Dabdoud opened the door, entered the residence, and apprehended Chambers and Byas. The officers believed that she was assisting in Chambers's attempted escape. A search incident to the arrest revealed a matchbox in her pants packet containing three rock-like objects which were later tested and found to be positive for cocaine. Officer Smith testified that Byas was arrested because a confidential informant had informed the officers that she assisted Cory Chambers with his drug trafficking. Byas was charged with the possession of cocaine, but was not charged with any offense for slamming the door on Sergeant Dabdoud or for her alleged participation in the attempted escape of Cory Chambers.
CONCLUSION
Generally, searches may be conducted only pursuant to a warrant which has been issued by a judge on the basis of probable cause. U.S. Constitution, Amendment 4; La. Const. of 1974, Article 1 § 5; La.C.Cr.P. Article 162; State v. Brady, 585 So.2d 524 (La.1991). A recognized exception to the warrant requirement for entry into a building is a quick search of the premises to determine, inter alia, the presence of a perpetrator who might still remain on the premises, or to prevent the destruction of evidence. Thompson v. Louisiana, 469 U.S. 17, 105 S.Ct. 409, 83 L.Ed.2d 246 (1984); United States v. Rubin, 474 F.2d 262 (3rd Cir.1974); State v. Roebuck, 530 So.2d 1242 (La.App. 4th Cir.1988), writ den. 531 So.2d 764 (La.1988).
Probable cause alone does not justify the entry into an area otherwise protected by the Fourth Amendment of the United States Constitution and the Louisiana Constitution, Article 1 § 5. There is a justified intrusion of a protected area if there is probable cause to arrest and exigent circumstances. State v. Rudolph, 369 So.2d 1320 (La.1979.). Exigent circumstances are exceptional circumstances which when coupled with probable cause justify an entry into a "protected" area that, without those exceptional circumstances would be unlawful. Examples of exigent circumstances have been found to be escape of the defendant, avoidance of a possible violent confrontation that could cause injury *39 to the officers and the public, and the destruction of evidence.
State v. Hathaway, 411 So.2d 1074, 1079 (La.1982).
Exceptions to the warrant requirement are carefully drawn and there must be a showing by those who seek the exception that the exigencies of the situation make the search imperative. State v. Welch, 449 So.2d 468 (La.1984). The burden is on the government to show that the search falls within one of the exceptional situations. Vale v. Louisiana, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970); State v. Tatum, 466 So.2d 29 (La.1985).
The officers were justified in making a warrantless entry into the defendant's house because the officers were in "hot pursuit" of a suspect and "exigent circumstances" existed. Although the contraband was found after the officers entered the house, arrested Chambers, and searched Byas, the officers' entry into the house was justified under the "exigent circumstances" exception to the warrant requirement. The officers had probable cause to arrest Cory Chambers based on the confidential informant's information and Chambers' actions in fleeing from the police and discarding what appeared to be cocaine. Additional "exigent circumstances" were that Cory Chambers could have escaped or destroyed contraband if the officers did not follow him into the house.
The officers were also justified in entering to arrest and search Byas. Officer Smith testified that Byas was arrested and searched because she "slammed the door" on Sergeant Dabdoud thereby assisting Cory Chambers in his attempt to escape from the officers. Apparently the officers believed that the defendant was committing the crime of resisting an officer, defined in pertinent part in La.R.S. 14:108(A) as "the intentional interference with ... or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property ... when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity." Thus, the record shows that Byas probably knew that Sergeant Dabdoud was "acting in his official capacity" when she slammed the door on him. Her partner in the illegal drug enterprise had just banged on her back door to achieve his hurried entry, and he was followed by a uniformed policeman, "hot on his heels." It is disingenuous to infer from the circumstances that Byas thought the uniformed policeman was coming to her back door merely to pay a social call. Her actions are consistent with an attempt to protect both her partner and the evidence of their dishonorable enterprise.
Byas's arrest and search is further justifiable because the officers had probable cause to believe that she was engaged in drug trafficking. The reliable, tested, confidential informant had alerted the officers to the fact that Byas routinely received cocaine in exchange for allowing her residence to be used by Cory Chambers for drug trafficking. When the informant's information was corroborated, and the officers saw Cory Chambers discard cocaine and saw Byas assisting Cory Chambers in his attempt to escape, the officers clearly had probable cause at that time to believe that Byas was engaged in drug trafficking and, because she was compensated with cocaine, she would have cocaine on her person. While not adverted to in the State's writ application, we believe this was a plausible reason for the officers' action in arresting and searching Byas.
Because the officers clearly were justified in having arrested and searched Byas, we find that the trial court abused its discretion in granting Byas's motion to suppress the seized evidence, grant the State's application for supervisory writ, and reverse the ruling of the trial court.
REVERSED.