JiCIACCIO, Judge.
On the application of the State of Louisiana, we grant certiorari to consider whether the trial judge erred in granting defendants’ motion to suppress evidence.
The defendants, Michael Ennis, Woodrow Watts, Jimmie Watts, and Trenton Gary, are each charged with one count of possession of cocaine with the intent to distribute and with one count of possession of marijuana with the intent to distribute. On March 1, 1996, the motion to suppress evidence and preliminary hearing was held. The court granted the defendants’ motion and ordered all evidence suppressed. The court further found no probable cause and ordered the defendants released. The State filed the instant writ application, seeking review of the trial court’s ruling. We requested that the defendants file a response(s) to the State’s writ application but they failed to do so.
The State presented only one witness at the motion to suppress hearing. Officer Steven Andry testified that on October 3, 1995, he and his partner Officer Foxworth went to the 1100 block of Horace Street. They went to the location because, during a routine monthly meeting with a neighborhood organization, the Fourth District commander had received complaints of narcotics and gun fire. The complainants did not provide any descriptions of perpetrators, but did indicate that narcotic sales were being conducted from 1113 Horace Street, which was described as a two story white house. As the officers approached the house in their vehicle driven by Officer Andry, they saw Michael Ennis exiting. According to Officer Andry’s testimony, Ennis Rbegan walking toward a pickup truck which was running. Ennis looked in the direction of the officers’ vehicle, removed a white rock-like object from his mouth, clutched it with his right hand, and immediately fled into the residence. Officer Andry testified on cross-examination that the object he observed Ennis take from his mouth was “a small plastic bag about this big, maybe an inch.” He also testified that he was approximately twenty feet from En-nis when he first saw him.
As Ennis fled into the house, Officer Fox-worth gave chase while Officer Andry *198 stopped and parked the car. Officer Fox-worth pursued Ennis through the residence, out the back door, into the backyard, and ultimately onto a nearby street where Officer Foxworth apprehended Ennis under a house. No contraband was found on Ennis. Officer Andry, following shortly behind Ennis and Foxworth, entered the residence. When he got into the kitchen, he saw the other three defendants. Officer Andry did not continue to follow his partner and Ennis. Instead, he held the other men until other units could assist him; Officer Andry did not undertake to search the other defendants or arrest them until backup arrived. After other officers arrived, Officer Andry found sandwich bags on the kitchen counter which contained residue of cocaine and marijuana. Officer Andry testified that he knew three of the defendants, Jimmie Watts, Woodrow Watts, and Michael Ennis.
After the arrest of all the defendants, the resident of 1115 Horace Street approached the officers. He told them that the defendants had forced him to store marijuana at his house for them. The man, Larry Washington, executed a consent to search form for his residence. The search resulted in the seizure of a large clear plastic bag containing several smaller bags of marijuana.
The officers also applied for and were granted a warrant to search 1113 Horace Street. The affidavit in support of the search recounted the chase of Michael Ennis, Officer Andry’s discovery of the plastic sandwich bags, and the 13complaints of drug trafficking at the location. A search disclosed no other contraband beyond what had already been discovered by Officer Andry.
After hearing the testimony of Officer Andry, the trial court granted the motion to suppress on the basis that the State had failed to establish probable cause for the pursuit of Michael Ennis into the house. The court then found that the search warrant was based upon what Officer Andry observed in the house and was tainted. The State argues that the warrantless entry into the house was justified because of the existence of “exigent circumstances”, specifically “hot pursuit”, and becafise the officers had probable cause to arrest Ennis. Under the “exigent circumstances” exception, officers may make a warrantless entry into a building if the officers have probable cause to believe the building contains contraband or evidence of a crime and if there are exigent circumstances to justify the entry without a warrant. We discussed this exception in State v. Byas, 94-1999 pp. 2-3 (La.App. 4th Cir. 12/15/94), 648 So.2d 37, 38-39:
A recognized exception to the warrant requirement for entry into a building is a quick search of the premises to determine, inter alia, the presence of a perpetrator who might still remain on the premises, or to prevent the destruction of evidence. Thompson v. Louisiana, 469 U.S. 17, 105 S.Ct. 409, 83 L.Ed.2d 246 (1984); United States v. Rubin, 474 F.2d 262 (3rd Cir.1973); State v. Roebuck, 530 So.2d 1242 (La.App. 4th Cir.1988), writ den. 531 So.2d 764 (La.1988).
Probable cause alone does not justify the entry into an area otherwise protected by the Fourth Amendment of the United States Constitution and the Louisiana Constitution, Article 1 § 5. There is a justified intrusion of a protected area if there is probable cause to arrest and exigent circumstances. State v. Rudolph, 369 So.2d 1320 (La.1979). Exigent circumstances are exceptional circumstances which when coupled with probable cause justify an entry into a “protected” area that, without those Uexceptional circumstances would be unlawful. Examples of exigent circumstances have been found to be escape of the defendant, avoidance of a possible violent confrontation that could cause injury to the officers and the public, and the destruction of evidence.
State v. Hathaway, 411 So.2d 1074, 1079 (La.1982).
Exceptions to the warrant requirement are carefully drawn and there must be a showing by those who seek the exception that the exigencies of the situation make the search imperative. State v. Welch, 449 So.2d 468 (La.1984). The burden is on the government to show that the search falls within one of the exceptional situations. Vale v. Louisiana, 399 U.S. 30, 90 S.Ct. *199 1969, 26 L.Ed.2d 409 (1970); State v. Tatum, 466 So.2d 29 (La.1985).
In Byas, we combined the theories of exigent circumstances and hot pursuit. The officers received a tip from a reliable known informant that “Cory” was selling cocaine at a certain address. The C.I. also stated that “Mary” lived at that address and aided Cory in the operation. The officers went to the residence and saw a man standing outside. The man saw the officers and fled. The next evening, the officers again approached the residence and saw the same man standing outside. Upon seeing the officers, the man fled toward the rear of the residence, and one officer saw him throw a bag, containing a large white object, over a fence into a vacant lot next to the residence. The man ran to the back of the residence, knocked, and was admitted by the defendant. When she saw the officers pursuing, the defendant slammed the door shut. The officers entered and seized the defendant and the man. She was searched, and a matchbox containing three rocks of cocaine were found in her pants pocket. Upholding the officers’ entry into the house and the search of the defendant, we noted that the officers had probable cause to arrest the man based upon the tip from the C.I., the man’s flight, and his abandonment of the bag containing what appeared to be cocaine. The officers Iswere justified in chasing the man into the residence in “hot pursuit.” We further found that once the officers were inside the house, they were justified in arresting the defendant for her commission of acts which constituted resisting arrest and for her participation in the drug operation.
In the case before us, we find that the officers were justified in making a warrant-less entry into the defendants’ house because the officers were in hot pursuit of a suspect and exigent circumstances existed. Although the contraband was found after the officers entered the house and apprehended Ennis and the other defendants, the officers’ entry into the house was justified under the exigent circumstances exception to the warrant requirement. The officers had probable cause to arrest Michael Ennis based on the Fourth District Commander’s complaints from citizens of gun fire activity in the immediate area and of narcotic sales taking place at 1133 Horace Street, in addition to Officer Andr/s first-hand knowledge that Ennis was a drug dealer. Exigent circumstances arose when the officers observed Ennis take a small plastic bag from his mouth and place it in his hand and flee into the residence.
Furthermore, seizure of the contraband found at 1115 Horace Street was lawful as it was seized after the resident of the premises, Larry Washington, voluntarily approached the officers, confessed that the defendants had forced him to store marijuana at his house and executed a consent form to search his residence.
Accordingly, for the foregoing reasons, we find that the trial judge abused his discretion in granting defendants’ motion to suppress the seized evidence. The State’s writ application is hereby granted and the judgment of the trial court is reversed.

WRIT GRANTED; TRIAL COURT JUDGMENT REVERSED.