I,McKAY, J.,
dissenting with reasons.
The State argues that the officers were justified in stopping the defendant before he entered the residence because they heai-d him say that he was going to get a gun; the officers were trying to prevent a violent confrontation and to protect the public. It is not clear that the officers had probable cause to arrest the defendant when they stopped him based on his remark that he intended to go and get a gun. However, even if the officers were justified in stopping the defendant and patting him down/searching him, they then found no weapon and no cocaine. The defendant was stopped outside in front of the residence on Elysian Fields. After stopping the defendant and finding nothing on his person, it would appear that the officers had no justification for detaining the defendant further. Officer Greenup did not state that they arrested the defendant for any crime prior to entering the residence (the defendant was not handcuffed), but he said that the defendant was not free to leave. The State provides no justification for the officers’ decision to knock on the door of the residence and to tell the defendant’s wife that he was under investigation for possession of a weapon.
The State attempts to condone the officers’ actions, including the entry into the defendant’s house where he had a reasonable expectation of privacy, because the officers were trying to avoid a violent confrontation and to protect the public, han exigent circumstance. Warrantless entries into the home of the accused for arrest or seizure are invalid in the absence of exigent circumstances. Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). The police need both probable cause (to arrest or to search) and exigent circumstances to justify a nonconsensual warrantless intrusion into private premises. State v.. Welch, 449 So.2d 468, 470 (La.1984); State v. Johnson, 98-2544 (La.App. 4 Cir. 11/17/99), 748 So.2d 527. When probable cause exists, police entry into a residence under “exigent circumstances” is permitted as an exception to the warrant requirement. State v. Welch, 449 So.2d at 470. Exigent circumstances include the possibility of the destruction of evidence; the need to prevent the offender’s escape; and the possibility of a violent confrontation which could cause injury to the officers and the public. State v. Johnson, 748 So.2d at 531.
A warrantless intrusion into a protected area is justified by probable cause and exigent circumstances. It is far from clear that the officers had probable cause to arrest the defendant at the time of the stop or the entry into the house, and the exigent circumstance argued by the State was questionable because the possibility of a violent confrontation was based on a remark made by the defendant during the verbal altercation. The officers’ arguably illegal stop/arrest of the defendant, their knocking on the door of the Elysian Fields residence, and their decision to gain entry to the residence and to obtain consent to search from the defendant’s wife when they had found nothing on the defendant, who was stopped outside of the residence, could have tainted the defendant’s wife’s consent to search. Only after she was faced with the officers, who informed her that they were involved in an investigation *422 of the defendant, her husband, and were looking for a gun, did the defendant’s wife consent to the search.
The trial court heard Officer Greenup’s testimony and noted that the |3officers found no gun and no cocaine on the defendant when he was stopped outside the residence where he sometimes lived (he gave another address as his residence). The court repeatedly focused on the fact that the gun and cocaine were found inside the residence, and the defendant was stopped outside. The trial court is vested with great discretion when ruling on a motion to suppress. State v.. Scull, 93-2360 (La.App. 4 Cir. 6/30/94), 639 So.2d 1239, writ denied, 94-2058 (La.11/11/94), 644 So.2d 391. For the foregoing reasons I respectfully disagree with the majority and would find that the trial court did not abused its much discretion by suppressing the evidence under the circumstances. Therefore, I would deny the State’s writ. Accordingly, I respectfully dissent.